# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**JOHN E. MILTON, III**

**CRIMINAL**

**NO. 96-0017-FJP-CN**

# **RULING**

This matter is before the Court on the defendant's Notice of Appeal and Motion for Leave to Proceed in Forma Pauperis on Appeal. Rec.doc.nos. 508 and 510.

On February 15, 2011, this Court entered a Ruling and Judgment, rec.doc.nos. 506 and 507, interpreting a motion filed by the defendant, "to correct a clerical error in movant's presentence investigation report", as an impermissible successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In the defendant's Motion to Correct, he complained that the Court failed to explicitly rule on disputed portions of his presentence investigation report ("PSI") at his sentencing hearing conducted in April, 1997, and failed to append to the PSI the factual findings relative to such disputed portions as mandated by Fed. R. Crim P. 32(i)(3)(B). The defendant characterized this failure on the part of the Court as a "clerical error", correctable at any time pursuant to Fed. R. Crim. P. 36.

To the extent that the defendant's Notice of Appeal may be characterized as a request for a certificate of appealability, 28 U.S.C. § 2253(c) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of

appeals from ... the final order in a proceeding under section 2255." Under this statute, in order to obtain a certificate of appealability, the defendant must make a substantial showing of the denial of a federal right. 28 U.S.C. § 2253(c)(2). In addition, he must also show that the issues presented are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are sufficient to warrant encouragement to proceed further. Barefoot v. Estelle, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); Sawyers v. Collins, 986 F.2d 1493 (5th Cir. 1993), cert. denied, 508 U.S. 933, 113 S.Ct. 2405, 124 L.Ed.2d 300 (1993). Upon a review of this matter by the Court, the Court finds that the defendant has not made the requisite substantial showing of the denial of a federal right. Neither does the Court believe that the issues in this case are likely to be debatable among jurists of reason such that a court could resolve this matter differently. Accordingly, the defendant's motion for a Certificate of Appealability shall be denied.

Further, the defendant seeks leave to proceed in forma pauperis in connection with his appeal to the United States Court of Appeals for the Fifth Circuit. However, as previously noted, 28 U.S.C. § 2253(c), provides that "an appeal may not be taken" in the absence of the granting by the Court of a certificate of appealability. In light of the denial by this Court of the defendant's request for a certificate of appealability, the motion to appeal in forma pauperis shall also be denied.

Finally, and in the alternative, because the Court finds that the defendant has not demonstrated a non-frivolous issue for appeal, the Court concludes that the appeal is not

taken in good faith and that the defendant is therefore not authorized to proceed in forma pauperis in connection therewith. See Fed. R. App. P. 24(a); United States v. Marion, 79 Fed.appx. 46 (5th Cir. 2003). Accordingly,

**IT IS ORDERED** that the defendant's Notice of Appeal, rec.doc.no. 508, to the extent that it may be interpreted as a request for a certificate of appealability, be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Leave to Proceed in Forma Pauperis herein, rec.doc.no. 510, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___13___ day of April, 2011.

FRANK J. POLOZOLA
**UNITED STATES DISTRICT JUDGE**